UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MARK THOMAS DAWSON,                    )
        *Plaintiff*,                   )
                                       )
    *vs.*                              )        2:15-cv-00041-WTL-WGH
                                       )
INTERNAL REVENUE SERVICE, UNITED       )
STATES OF AMERICA,                     )
        *Defendants*.                  )

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**
**Background**

Plaintiff Mark Dawson is a state prisoner currently incarcerated at the Wabash Valley
Correctional Facility. In his amended complaint, Mr. Dawson sues the United States and the
Internal Revenue Service ("IRS"). He alleges that the IRS Officer assigned to him made an
erroneous tax assessment against him in the amount of $2,148,529.23. Further, he alleges that he
requested a hearing, but was never granted one. Instead, he states the IRS Officer caused the
collection of a federal tax lien against him in the above amount. Mr. Dawson asserts that these
actions violate his rights under the Internal Revenue Code. He seeks compensatory and punitive
damages.

Because Mr. Dawson is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an
obligation under 28 U.S.C. § 1915A to screen his amended complaint before service on the
defendants.

## II.
## Screening

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  Pro se complaints such as that filed by Mr. Dawson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).  Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The allegations in Mr. Dawson's amended complaint permit suit only against the United States, therefore the IRS is **dismissed** as a defendant.  *See* 26 U.S.C. § 7433(a); *Loveless v. C.I.R.*, 2005 WL 327711 (substituting the United States as the proper party).  The clerk is **directed** to update the docket to reflect the dismissal of the IRS.

Sovereign immunity prevents suit against the United States "without its consent, and when consent is given, the terms of that consent delimit the scope of the court's jurisdiction."  *Bartley v. United States*, 123 F.3d 466, 467 (7th Cir. 1997).  The Internal Revenue Code authorizes suits against the United States, *see* 28 U.S.C. § 1346(a), but only if certain prerequisites are met, two of which are relevant here.

First, the Internal Revenue Code "conditions the right to sue on the taxpayer having first requested a refund from the Secretary of the Treasury."  *Id.*; *see* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary according to the provisions of law in that regard.").  Therefore,

"unless the taxpayer has first filed a proper claim with the Internal Revenue Service, a court lacks subject matter jurisdiction over a suit for refund." *Bartley*, 123 F.3d at 468. Mr. Dawson has not alleged that he requested a refund from Secretary of the Treasury before the filing of this suit and thus has not exhausted his administrative remedies. Therefore, Mr. Dawson's claim is **dismissed** for lack of jurisdiction. *See Bartley*, 123 F.3d at 468.

Second, the "full payment of the assessed taxes is a prerequisite to filing a refund suit in a federal district court." *Curry v. United States*, 774 F.2d 852, 854 (7th Cir. 1985) (citing *Flora v. United States*, 357 U.S. 63 (1958)). "If the taxpayers choose not to pay [the assessed taxes], they must sue in Tax Court after receiving a notice of deficiency." *Loveless*, 2005 WL 327711, at *1 (citing 26 U.S.C. § 6213(a)). Mr. Dawson has not alleged that he paid the allegedly erroneously assessed taxes before filing this suit. Therefore, for this additional reason, his claim is **dismissed** for lack of jurisdiction. *See Bartley*, 123 F.3d at 468.

### III.
### Conclusion

The dismissal of the amended complaint will not lead to the dismissal of the action at this time. Rather, Mr. Dawson shall have **through June 5, 2015**, in which to file a second amended complaint that cures the above deficiencies, if he chooses to do so. Failure to file a second amended complaint may result in the dismissal of this action without further notice.

**IT IS SO ORDERED.**

Date: 5/11/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MARK THOMAS DAWSON
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838


**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**